## McMullen's Estate,

*Charities—Cy pres—Gift over to next of kin on failure of gift to charity.*
A bequeathed a fund to the trustees of the B church, with a gift over to his next of kin in the event of any failure of the charity. The trustees refused to accept the gift. On petition by next of kin to have the fund paid to them: *Held*, that the petition should be dismissed and the fund should be paid to a trust company as custodian to pay the income to the trustees of the church on request, and in the event of their failure to make request within a reasonable time, with leave to apply for further instructions.

Petition to have trust fund paid to next of kin. O. C. Phila. Co., July T., 1908, No. 245.

*George W. Harkins, Jr.,* for petitioners.

*James Hay Sims,* for the estate; *Richard Crankshaw,* for the church.

GUMMEY, J., Feb. 23, 1923.—The testatrix provided as follows: "Item. It is my will and I hereby order and direct my hereinafter named executors and trustees on the death of any or either of my sisters or brother, the principal of their share shall be paid to the Trustees of the First Baptist Church of Frankford, Philadelphia, now located at the N. E. corner of Paul and Unity Streets, Frankford. The money to be invested by the aforementioned Trus-

2 D. & C.

McMullen's Estate.

tees in bonds of the City of Philadelphia, State of Pennsylvania, or Government of the United States of America; the interest, income or net profit to be applied to the payment of the salary of the Pastor of that church. In the event of any failure of this order the money may revert to the next of kin."

Phoebe McMullen, one of the testatrix's sisters, having died, and an account having been filed, the auditing judge awarded the sum of $612.20 "to the Trustees of the First Baptist Church of Frankford, on their giving security, in that there is a limitation over in the event of their failure to do as the will directs." By resolution adopted Feb. 9, 1921, the Trustees of the Frankford Baptist Church declined and refused to accept the bequest; hence, the present petition on behalf of the next of kin, praying that a decree be entered directing the amount of the award to be paid to them. No reason appears for this action of the trustees. Upon the death of the remaining life-tenants there will be about $1200 added to the fund under discussion, and even if the present trustees do not desire the income from the fund, future trustees may; in the event of continued refusal, we might consider an application to award the income from the trust fund to the trustees of some other Baptist Church upon the principle of *cy pres*, but, in any event, we see no reason at this time for awarding the fund to the next of kin, as the direction in the will is not mandatory, but permissive only. Accordingly, we enter the following

*Decree.*

And now, Feb. 23, 1923, the petition of the next of kin is dismissed and the fund of $612.20, the subject of the petition, is awarded to Guarantee Trust and Safe Deposit Company, in trust to pay the income to the Trustees of the First Baptist Church of Frankford on request, for the purpose indicated in the will, and in the event of their failure to make such request within a reasonable time, leave is given to the trustee of the fund to apply for such further order as the circumstances may require.

HENDERSON, J., did not sit.